United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **WARIS MIRZADA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00613** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Waris Mirzada's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**.

## Background

Petitioner entered the United States on or about February 3, 2025. (Dkt. 1 at 10.) He was detained shortly after entry and has remained in ICE custody since entering the United States. (*Id*. at 11.) Petitioner was initially placed in expedited removal proceedings and then was given a Convention Against Torture ("CAT") interview and placed into withholding-only proceedings. (Dkt. 6 at 2.) Shortly after Petitioner had a positive CAT interview, Petitioner was served with a Notice to Appear and placed in full removal proceedings under 8 U.S.C. § 1229a. (*Id.*) Then in November of 2025, an immigration judge (IJ) ordered Petitioner removed to Afghanistan. (Dkt. 1 at 10; Dkt. 6 at 3.) Petitioner filed a timely appeal of the IJ's decision to the Board of Immigration

Appeals (BIA) which remains pending. (*Id.*) Accordingly, Petitioner does not have a final order of removal. *See* 8 C.F.R. 1241.1 (stating an order of removal becomes final "upon dismissal of an appeal by the Board of Immigration Appeals").

Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which states that if an immigration officer finds a credible fear of persecution during the Expedited Removal process, an "alien shall be detained for further consideration of the application for asylum." *See Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (Section 1225(b) "mandate[s] detention of aliens throughout the completion of applicable proceedings"); *see also Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019) (deciding that noncitizens subject to expedited removal who pass their credible fear interview and are placed in 8 U.S.C. § 1229a, INA Section 240, proceedings are subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii)). Petitioner was detained shortly after entry, provided with a credible fear interview at which an immigration officer determined he had a credible fear, and his removal proceedings remain ongoing while his appeal is pending with the BIA. (*See* Dkt. 1 at 9–10; Dkt. 6 at 4.) Thus, Petitioner is being detained "for further consideration of the application for asylum" under 8 U.S.C. § 1225(b)(1).

Petitioner has remained in immigration detention without an individualized determination of the need for detention for over 15 months since being apprehended by DHS in February of 2025. Petitioner filed his Petition for Writ of Habeas Corpus on April 8, 2026. (Dkt. 1.) Petitioner argues that his current prolonged detention without an individualized determination of the need for detention violates his rights under the Immigration and Nationality Act (INA), the Fifth Amendment Due Process Clause, and the Suspension Clause. (Dkt. 1 at 12–28.)

The Court ordered Respondents to Respond to Petitioner's Petition on or before April 16, 2026. (Dkt. 3.) Respondents filed a timely response and Motion for Summary Judgment, arguing

that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), and that his Due Process claim fails. (Dkt. 6.) Petitioner filed a timely reply to Respondents' response arguing that Respondents fail to effectively rebut his due process claims and emphasizing that his prolonged detention without an individualized determination of the need for detention violates his rights under the Due Process clause of the Fifth Amendment. (Dkt. 7.)

### Discussion

The central question before the Court is whether Petitioner's immigration detention of over 15 months without an individualized determination of the need for detention violates his rights under the Due Process Clause of the Fifth Amendment. Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Giri v. Lyons*, 2026 WL 1361557 (S.D. Tex. May 12, 2026). In *Giri v. Lyons*, the Court held that the petitioner, a noncitizen detained shortly after entering the United States, was entitled to Fifth Amendment protections from arbitrary and punitive civil immigration detention, and that the appropriate framework to decide whether the petitioner's detention under 8 U.S.C. § 1225(b)(1) had become unconstitutionally prolonged was the test the Supreme Court set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court adopts its reasoning as previously articulated in *Giri v. Lyons* and analyzes Petitioner's claims under each *Mathews* factor.

Here, the Court finds that all three *Mathews* factors weigh in favor of Petitioner. Under the test set out in *Mathews* the Court evaluates "(1) the private interest that will be affected by the official action, (2) a cost-benefit analysis of the risks of an erroneous deprivation versus the probable value of additional safeguards, and (3) the Government's interest, including the function involved and any fiscal and administrative burdens associated with using different procedural

safeguards." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (citing *Mathews*, 424 U.S. at 335).

First, Petitioner's private interest is "the most elemental of liberty interests—the interest in being free from physical detention[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) and *Parham v. J. R.*, 442 U.S. 584, 600 (1979)). Moreover, "[t]he individual's liberty interest increases over time, and the risk of an erroneous deprivation of liberty may become more egregious[.]" *Rashid v. Trump*, 807 F. Supp. 3d 349, 365 (D. Vt. 2025). "The longer the duration of the incarceration, the greater the deprivation." *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2d Cir. 2020). Petitioner has been detained for over 15 months, a period of detention that many other courts have found to be unreasonably prolonged. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention . . . approximately one year. District courts have found shorter lengths of detention . . . without a bond hearing to be unreasonable.") (collecting cases); *Rashid*, 807 F. Supp. 3d at 368 (collecting cases).

Second, the risk of erroneous deprivation is severe, and the probable value of additional procedural safeguards is great. The Supreme Court has recognized that generally, immigration detention has "two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'" *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see Demore v. Kim*, 538 U.S. 510, 518–21 (2003) (noting that detention during pending removal proceedings under 8 U.S.C. § 1226(c) serves these dual purposes); *see also Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (generally when making a custody determination, an immigration judge considers whether the noncitizen "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk"). Therefore, if Petitioner

4 / 6

is "being detained despite the fact that he is neither a flight risk nor a danger to the community, the Government is erroneously depriving him of his freedom." *See Rashid*, 807 F. Supp. 3d at 369. Petitioner has not received *any* process to consider whether his current detention of over 15 months serves a legitimate purpose, therefore the Court finds that the risk of erroneous deprivation weighs in Petitioner's favor.

Finally, the Court finds that the Government's interest in detaining Petitioner without a hearing is minimal. The Court recognizes the Government has a strong interest in ensuring that noncitizens appear for their removal proceedings and in ensuring that the public is kept safe. *See Demore*, 538 U.S. at 518–21. However, additional procedural safeguards in the form of a bond hearing "do nothing to undercut those interests. At any ordered bond hearing, the IJ would assess on an individualized basis whether the noncitizen presents a flight risk or a danger to the community, as IJs routinely do for other noncitizen detainees." *See Black v. Decker*, 103 F.4th 133, 153–54 (2d Cir. 2024) (citing 8 U.S.C. § 1226(a)). Indeed, requiring that the Government justify continued detention *promotes* the Government's interest in minimizing the enormous impact of incarceration in cases where it serves no purpose. *Id.* (quoting *Velasco Lopez*, 978 F.3d at 854). Similarly, should the Government find that Petitioner is not a flight risk nor a danger, the Government benefits from the reduced cost of no longer detaining Petitioner. Finally, there is minimal administrative burden where immigration courts already regularly make custody determinations for noncitizens pending their removal proceedings. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1. Therefore, the Court finds that the final *Mathews* factor also weighs in Petitioner's favor.

Thus, the Court holds that because Petitioner's detention has become unconstitutionally prolonged and violates his rights under the Due Process Clause of the Fifth Amendment, he is

entitled to equitable relief. The Court holds that the appropriate remedy is a bond hearing at which the Government bears the burden of proving by clear and convincing evidence that continued detention is needed to prevent the noncitizen from fleeing during his removal proceedings or harming the community. *See Giri v. Lyons*, 2026 WL 1361557, at *13.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.     Respondents are **ORDERED** to provide Petitioner with an individualized custody review before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community. Respondents must provide this hearing **within 7 days of the issuance of this Order, or else Respondents must release Petitioner.**

2.     Respondents are **ORDERED** to submit a status report informing the Court of the result of the hearing and Petitioner's custody status within **8 days of the issuance of this Order.**

IT IS SO ORDERED.
SIGNED this June 2, 2026.

_____
Diana Saldaña
United States District Judge